# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**JESSE JAMES ANDERSON**                                                **PLAINTIFF**
**ADC #170510**

**v.**                             **No: 4:21-cv-00136-LPR-PSH**

**TURN KEY HEALTH SERVICES,** *et al.*                    **DEFENDANTS**

## PROPOSED FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following Recommendation has been sent to United States District Judge Lee P. Rudofsky. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

Plaintiff Jesse James Anderson filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on February 22, 2021, while incarcerated at the Pope County Detention Center (Doc. No. 2).[1] On February 24, 2021, the Court granted Anderson's motion

---

[1] In its initial order to Anderson, the Court notified him of his duty to promptly notify the Clerk and the parties of any change in his address. The Court also notified

to proceed *in forma pauperis,* and directed Anderson to file an amended complaint within 30 days (Doc. No. 3).  Because Anderson did not do so and he was not listed as a current inmate on the Pope County Detention Center's website, the Court entered a text order on May 4, 2021, directing Anderson to provide notice of his current mailing address within 30 days (Doc. No. 4).  He was warned that his failure to provide a current mailing address would cause the undersigned to recommend that his complaint be dismissed.  A printed version of the text order was sent to him at his last known address.  The text order was returned to the Clerk of the Court and entered on the docket as undeliverable.  *See* Doc. No. 5.  The envelope containing the order contains a handwritten statement stating, "no longer here."  *Id.*

More than 30 days have passed, and Anderson has not complied or otherwise responded to the May 4, 2021 text order.  Anderson failed to notify the Clerk and the other parties to the proceedings of a change in his address as required by Local Rule 5.5(c)(2).  Accordingly, the Court finds that this action should be dismissed without prejudice for failure to comply with Local Rule 5.5(c)(2) and failure to respond to the Court's orders.  *See Miller v. Benson*, 51 F.3d 166, 168 (8th Cir. 1995) (district courts have inherent power to dismiss *sua sponte* a case for failure to prosecute, and exercise of that power is reviewed for abuse of discretion).

---

Anderson that if any communication from the Court to him is not responded to within 30 days, his case may be dismissed without prejudice.  Doc. No. 3.

It is therefore recommended that Anderson's complaint (Doc. No. 2) be dismissed without prejudice.

DATED this 10th day of June, 2021.

_____
UNITED STATES MAGISTRATE JUDGE